**Affirmed as Modified and Opinion Filed April 25, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00297-CR

**KIRK STEVEN JACKSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1370153-Y**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Lang, and Justice Brown
Opinion by Chief Justice Wright

A jury found appellant Kirk Steven Jackson guilty of aggravated robbery with a deadly weapon. The trial court found two enhancement allegations true and assessed Jackson's punishment at life imprisonment. In a single issue, appellant contends the trial court abused its discretion by admitting an involuntary confession into evidence. Appellant argues the police coerced his confession by making threats involving his family. We modify certain errors in the judgment. As modified, we affirm.

**Background**

Appellant was arrested and charged with aggravated assault. The charge stemmed from a violent encounter during which the complaining witness, a store proprietor, was slashed by a box cutter, dragged across the store, and then beaten around his head and face with hammers. The

complainant survived the attack. He was able to describe the assailant and to identify him as a regular customer. Police soon identified appellant as a suspect in the case. He was subsequently arrested and interviewed by Detective Cacey Shelton. The interview, which was video and audio recorded, lasted almost two hours. Approximately half way through the interview, appellant confessed to the assault.

Appellant sought to suppress the confession before trial. Detective Shelton was the only witness called at the suppression hearing; the recorded statement was offered and admitted into evidence. When Detective Shelton's testimony was concluded, the attorneys agreed that "there was no issue with *Miranda*" in the case and, without further argument, the court denied the motion to suppress.

Appellant was convicted of aggravated assault and, after finding two enhancement allegations true, the trial court assessed his punishment at life in prison. This appeal followed.

## Suppression of the Confession

In his single issue, appellant argues the trial court erred in admitting his confession because it was "obtained by the influence of fear for the well-being of his family." He contends that Detective Shelton made appellant's girlfriend and her children "a recurring theme throughout the interrogation," causing appellant to fear for his family's well-being. He argues further that Detective Shelton used "thinly veiled threats to punish [appellant's] girlfriend to coerce him into making a confession." Because the confession was not given voluntarily, appellant argues, the trial court erred in admitting it at trial.

### *Standard of Review*

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). Additionally, at a suppression hearing, the trial judge is the trier of fact and assesses the witnesses' credibility and the weight to be given

their testimony. *State v. Ballard,* 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). As long as the trial court's findings of historical fact are supported by the record, we afford them almost total deference. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When, as here, the trial court does not make express findings, "we will assume the trial court made implicit findings of fact supported in the record that buttress its conclusion." *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). We review the evidence in the light most favorable to the trial court's ruling. *Id.*

*Preservation of Complaint*

The State argues at the outset that appellant has not preserved any complaint concerning admissibility of his confession because he did not identify the particular legal basis for his complaint in the trial court. In Texas, a defendant's statement may be deemed involuntary on three legal bases: (1) article 38.22, section 6 of the code of criminal procedure concerning general voluntariness; (2) *Miranda v. Arizona*, as reflected in article 38.22, sections 2 and 3 of the same code, or (3) the Due Process Clause of the United States Constitution. *Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008) (citing TEX. CODE CRIM. PROC. Ann. art. 38.22 §§ 2, 3, 6 (West Supp. 2015); *Miranda v. Arizona*, 384 U.S. 436 (1966)). A statement may be involuntary under one, two, or all three theories. *Id.* The State argues that appellant did not identify which of these grounds was the basis of his objection below. In this Court, appellant argues his statement was taken in violation of the Due Process Clause. Our threshold question, therefore, is whether appellant's due process argument comports with his argument below. *See Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014) ("the point of error on appeal must comport with the objection made at trial").

We find no written motion to suppress in our record, and the transcript of the suppression hearing does not include an oral motion.[1] But we know that appellant's concern was not whether appellant had been given appropriate warnings concerning self-incrimination and his right to counsel. His attorney stated on the record that there was no *Miranda* issue. Thus, we can eliminate the legal ground that includes *Miranda* and section 2 of article 38.22. Nor do we discern any concern by either party as to compliance with the recording requirements of section 3 of article 38.22. We are left, then, with article 38.22, section 6's requirement that a statement used against a defendant be given voluntarily and the due process protection claimed by appellant. The State points out that those legal grounds are not necessarily mutually inclusive. However, it does not identify any distinction that would apply to the facts of this case, and we have not identified such a distinction.[2] Thus, under the facts of this case, we conclude that any distinction between an argument in the trial court under section 6 of article 38.22 and one under the due process clause would have been a distinction without a difference. Accordingly, if it had been error not to identify the specific legal basis of appellant's objection that his confession was involuntary, neither the trial court nor the State were put at any disadvantage because the possible legal bases of that objection did not require different inquiries or analysis.

The State cites two cases in closing its failure-to-preserve argument. The first is *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009), in which the court's preservation concerns rested on the significantly different obligations of *Miranda* warnings and article 38.22, section 3's recording requirements. The court concluded that an objection based on one of those obligations would not necessarily preserve the other. *See id.* We have no such

[1] The transcript of the hearing begins with the swearing of the witness, Detective Shelton. Apparently, any discussion before that, including discussion of the reason for the hearing and the basis for the motion, was not transcribed.

[2] For example, probably the most significant distinction between the two safeguards is that article 38.22 applies only if the defendant's statement was taken while he was in custody; the same restriction does not apply to a due process complaint. *See Wolfe v. State*, 917 S.W.2d 270, 282 (Tex. Crim. App. 1996). That said, appellant had been formally arrested before he was interviewed by Detective Shelton. He was in custody as a matter of law. *See Herrera v. State*, 241 S.W.3d 520, 540 (Tex. Crim. App. 2007). So this distinction does not apply in appellant's case.

concerns in appellant's case. Given the facts of this case, we see no such significantly different obligations under the two legal theories appellant might have relied on below, i.e., article 38.22, section 6 and the due process clause. Because either legal theory could support appellant's voluntariness objection, *Resendez* does not govern our resolution of this preservation issue.

The State also relies on *Harris v. State*, Nos. 05-02-00888–89-CR, 2003 WL 21525320, at *2 (Tex. App.—Dallas July 8, 2003, no pet.), in which this Court concluded error had not been preserved when the only objection lodged below was: "Judge, on our Motion to Suppress the statement, we would ask the Judge to suppress it, and that it's not voluntary as shown during the hearing." We stated in *Harris* that appellant never specified *why* his confession was involuntary. *Id.* Our concern in *Harris*, thus, was not a failure to identify the legal ground of the objection, but a failure to identify the factual reasoning behind the objection. We explained that this failure to allege a specific reason as to why the confession was involuntary left the trial court without "an opportunity to consider the myriad complaints an appellant can make on appeal." *Id.* And we noted that Harris had indeed "raised numerous statutory and constitutional violations" on this issue. *Id.*

Appellant's case is distinguishable from *Harris*. Although we have no written motion, the record establishes the basis of his complaint. At different points in the hearing, the prosecutor referred to specific parts of the statement, saying (1) he was playing a portion of the recorded statement that "the defense brought up at issue," and (2) "[t]he other issue the defense has brought up is on a different portion on the tape," and (3) "[l]et me play the portion defense requested to show you [i.e., the witness, Detective Shelton]." It is clear, thus, that appellant's complaint below was specific—at a minimum—as to these three portions of the statement. The record indicates further that each of the three portions played at the hearing made some reference to appellant's girlfriend or her family. Moreover, the State's questioning following each of these

portions is focused on the purpose behind Detective Shelton's having asked the questions at issue. The prosecutor elicits a neutral reason for each line of inquiry of which the defendant complained in an effort to dispel any argument of overreaching by the State. We conclude that the nature of appellant's complaint was clear below: he urged suppression of his statement, arguing the police had coerced his confession by making threats involving his family. Accordingly, *Harris* does not govern our resolution of the preservation issue.

We conclude that appellant's substantive complaint below did comport with his complaint in this Court, namely that the detective threatened appellant's girlfriend and her family in order to force him to confess to the aggravated robbery. We conclude that if there were any error below in failing to identify the specific legal basis of his objection, that error was harmless. The record indicates appellant placed the same complaint before the trial court that he presents to us. We conclude appellant preserved his issue for appeal.

*Due Process Argument*

As to the substance of appellant's issue, we find his argument unpersuasive. Threats against family members can violate due process rights guaranteed by the United States Constitution and may result in finding a confession involuntary. *Contreras v. State*, 312 S.W.3d 566, 576 (Tex. Crim. App. 2010). However, a confession can be involuntary under the Due Process Clause only if the record establishes overreaching by the police. *Oursbourn*, 259 S.W.3d at 169. To render a confession involuntary, the overreaching must rise to a level where the accused's will "has been overborne and his capacity for self-determination critically impaired." *Contreras*, 312 S.W.3d at 574 (quoting *Schneckloth v. Bustamonte,* 412 U.S. 218, 225–26 (1973)). Thus, we make no "sweeping inquiries" into appellant's state of mind. *See Oursbourn*, 259 S.W.3d at 171. Instead, we strive to make an objective assessment of the police behavior at issue. *See id.*

The parties questioned Detective Shelton at the hearing concerning his behavior during the interview. The prosecutor asked him repeatedly why he had asked challenged questions. Detective Shelton gave reasons for his inquiries that represented legitimate concerns and tactics. Indeed, for the most part, references in the record to appellant's girlfriend and her family were no more than background inquires. That said, appellant does point to two specific issues that arose during the interview, which we will address in turn.

First, appellant contends Detective Shelton threatened to have his family "kicked out" of their Dallas Housing Authority apartment. During the interview, Detective Shelton explained how the police found appellant. He described learning from a neighbor about the family's move to a new DHA residence. At that point he asked appellant whether he was supposed to be living there with his girlfriend; appellant conceded he was not. Detective Shelton testified he mentioned this fact because he wanted appellant to know that he (Detective Shelton) knew more than appellant might think about appellant. Later in the interview appellant raised this issue himself, expressing concern that Detective Shelton was having his girlfriend kicked out of her home. But, as he testified at the hearing, Detective Shelton told appellant he was not making any such effort, although he acknowledged from early in the interview that the manager of the residence already knew the police were seeking appellant.

Appellant also points to remarks made by Detective Shelton concerning bringing his girlfriend in for questioning. The record does not indicate the detective threatened to arrest her. On the contrary, his questions are directed toward whether appellant had confided his actions to his girlfriend. If he had, Detective Shelton explained, she might tell the police if they questioned her or, if she lied, she would be in trouble herself. Appellant never wavered from his statement that he had not confided his actions to his girlfriend; there was no implication that she had been involved in the crime in any way.

–7–

Nothing in our review of the record suggests that Detective Shelton's conduct was overreaching or threatening, whether directly or "thinly veiled." There is no indication that appellant's will "[had] been overborne and his capacity for self-determination critically impaired." *See Contreras*, 312 S.W.3d at 574. We discern no violation of appellant's due process rights. We decide his single issue against him.

## Modification of the Judgment

The indictment charging appellant with aggravated assault with a deadly weapon included two enhancement paragraphs. The record shows that appellant pleaded not true to the two enhancement paragraphs, but the judgment does not reflect a plea to either paragraph, stating "N/A" under both the "Plea to 1st Enhancement Paragraph" and "Plea to 2nd Enhancement/Habitual Paragraph." The judgment also states "N/A" under both the "Findings on 1st Enhancement Paragraph" and "Findings on 2nd Enhancement/Habitual Paragraph." In addition, the judgment recites that appellant's punishment was assessed by the jury. The record establishes, however, that appellant requested the trial court to assess his punishment, and the court did so.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 2728 (Tex. Crim. App. 1993); *Asberry v. State,* 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Neither party raised the judgment's errors, but our authority to modify an incorrect judgment is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *See Asberry,* 813 S.W.2d at 529–30. Therefore, we modify the judgment to reflect that appellant pleaded not true to the two enhancement paragraphs in the indictment, that both enhancement

paragraphs were found to be true, and that the trial court assessed appellant's punishment in this case.

## Conclusion

As modified, we affirm the trial court's judgment.


/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE


Do Not Publish
TEX. R. APP. P. 47
140297F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KIRK STEVEN JACKSON, Appellant

No. 05-14-00297-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F-1370153-Y.
Opinion delivered by Chief Justice Wright,
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Appellant pleaded "**NOT TRUE**" to the 1st Enhancement Paragraph and to the 2nd Enhancement/Habitual Paragraph.

The trial court entered findings of "**TRUE**" to the 1st Enhancement Paragraph and to the 2nd Enhancement/Habitual Paragraph.

Appellant's punishment was assessed by the **TRIAL COURT**.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered April 25, 2016.